**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

IN RE:
ROUNSEY LYNN LEE                                             CASE NO.:15-50324
Debtor(s)                                                    CHAPTER: 13

### 1st AMENDED CHAPTER 13 PLAN PRE CONFIRMATION

**Reasons for Modification**: This plan amends the original plan filed March 30th, 2015. This pleading is a pre-confirmation modification of Debtor(s) Chapter 13 Plan of Repayment filed by the above captioned Debtor(s). The changes to the original plan are indicated in *italics*, and underlined.

1) This plan is amended to pay the full amount of Kondaur Capital's claim with *Till* interest.
2) This plan is amended to address the secured proof of claim filed by the Internal Revenue Service.
3) This plan is amended to include the name of the co-signer who will pay the claim of Credit Acceptance.
4) This plan is amended to address the "910" claim of Chrysler Capital.
5) This plan includes a pledge of all proceeds from the sale of two pieces of property that the Debtor currently owns in order to pay 100% of all claims.
6) This plan includes the priority claim of the St. Martin Parish Tax Collector.

NUMBER OF MONTHS:      **60**
PAYMENT AMOUNT:        **$1,755.00**
FIRST PMT. DUE DATE:   **April 17th, 2015**
ADDITIONAL PLEDGES:    (1)Debtor(s) shall remit to the Trustee copies of Federal and State tax returns (the paperwork) required to be filed for each year you are in your plan, and any proceeds received from tax refunds (the money), for tax years **14, 15, and 16, excluding EIC.** (EIC is the only "credit" you may keep).

*(2) Debtor currently owns several pieces of real estate. Debtor will sell the real estate located at 839 St. Anne Street, St. Martinville, LA and 734 Governor Mouton, St. Martinville, LA which the Debtor values at $12,000.00 and $50,000.00 respectively within 2 years of confirmation will remit all net proceeds after costs of sale to the Trustee. Any sale of any real estate will be proposed via a Motion to Sell in compliance with the Rules of Bankruptcy Procedure and the Bankruptcy Code.*

**I. DIRECT PAYMENTS**
   A. **St. Martin Parish Tax Collector,** may have a claim for property taxes due. Debtor(s) shall pay this directly "outside" the plan.
   B. ***Credit Acceptance** has a lien on a **Saturn**. This shall be paid directly "outside" the plan by the Co-Signer, Latoya Lee. In the event the Co-Signer does not timely pay, Debtor surrenders all right, title & interest.*

**II. CLAIMS SATISFIED BY SURRENDER OF COLLATERAL**
   None

**III. PAYMENTS DISTRIBUTED BY TRUSTEE**
   A. ADMINISTRATIVE CLAIMS
      1. KARL M. HELO requests a fee of **$3,200.00 of which $0.00 has been paid prior to filing, leaving a balance of $3,200.00** to be paid from property of the estate.

   B. POST-PETITION MONTHLY MORTGAGE PAYMENTS
      None

C. SECURED CREDITORS RECEIVING 910 DAY "HANGING PARAGRAPH" TREATMENT*
  *1. **Chrysler Capital** has a lien on a **2013 Ram 1500**, with a balance of **$27,796.11**, will be paid that amount with **5%** interest over **60** months, receiving AP payments of **$260.00** for months **1-3**, then payments of **$538.47** in months **4-60**. Total amortized payment: **$31,472.81**

D. OTHER SECURED CREDITORS*
  *1. **Kondaur** has a lien on Debtor's Home, valued hereby at **$66,478.91**, will be paid that value with **5%** over **60** months, receiving AP payments of **$340.00** for months **1-3**, then payments of **$1,302.67** in months **3-60**. Total amortized payment: **$75,272.34**
  2. **Internal Revenue Service** has a tax lien against Debtor's **Real Estate and personal property**, valued hereby at **$13,946.47**, will be paid that value with **4.5%** over **60** months. Total amortized payment: **$15,600.26**

*Secured creditors' lien shall remain until secured claim is paid, effective upon discharge. Each of the above secured claims, if allowed, shall be paid the secured value, as set forth above, or the amount of the secured claim filed, whichever is less.
*Any claim with a secured value of $0 shall be treated as a general unsecured claim.

Payment as proposed above shall be deemed satisfaction of the subject lien. Upon payment as proposed executory upon discharge, creditor shall cause all inscriptions of the lien to be cancelled and erased from public record within 60 days of discharge.

E. PRIORITY CLAIMS
  *1. **St. Martin Parish Sheriff** has a priority claim of **$981.29** which will be paid over the term of the plan.*

F. UNSECURED CLAIMS
  1. NONDISCHARGEABLE
      None
  2. CO-SIGNED CLAIMS
      None
  3. **Allowed General Unsecured Undisputed Claims** are listed in Schedule F, incorporated herein by reference thereto, and the Bifurcated (Under-secured) portion of secured creditors claims as set forth in Section III(C&D) above, or allowed claims filed whether or not listed, estimated to be *$2,101.96*, shall receive a pro rata share of an estimated *$2,101.96* paying approximately **100%**.

IV. GENERAL TERMS

**(A)** The effective date of this plan shall be six(6) months after **March 17th, 2015**, the date of filing of the petition.
**(B)** Title to Debtor(s)' property shall revest in Debtor(s) upon confirmation of a plan pursuant to 11 USC 1327(b) (or upon dismissal after confirmation per 11 USC 1329 or upon closing the case per 11 USC 350).
**(C)** Confirmation of this plan shall be res judicata on the value of secured claims per Sec 506 and 1325, and approval of Debtor(s)' attorney's request for compensation provided such request is within the Court's approved "no-look" parameters. Any amounts in excess of the approved "no-look" shall be separately requested and noticed.

Respectfully Submitted:
  Simon Fitzgerald, LLC, Attorney's at Law
  2901 Johnston St., Ste. 202
  Lafayette, LA 70503
  (337) 984-1584 E-mail khelo@simonfitzgerald.com

By:___/s/Karl M. Helo_____
Karl M. Helo #33886
ATTORNEY FOR DEBTOR(S)

Date: August 4th, 2015